No. 63,892

In the Matter of NORMAN D. WILKS, *Respondent.*

(781 P.2d 246)

Opinion filed October 27, 1989.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause for the petitioner.

*Norman D. Wilks,* pro se, and *L.M. Cornish,* of Glenn, Cornish, Hanson & Karns, Chartered, of Topeka, argued the cause for the respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the Office of the Disciplinary Administrator against Norman D. Wilks, at attorney duly admitted to the practice of law in Kansas. The facts are not disputed.

All of the complaints against respondent involved the handling of nine separate probate estate matters during the years 1980 through 1985, in which it is alleged respondent violated Canons 1, 2, 6, and 7 of the Disciplinary Rules of the Kansas Code of Professional Responsibility, Supreme Court Rule 225 (1988 Kan. Ct. R. Annot. 142). Six estates were in Cheyenne County and three were in Thomas County. Five estates had various losses ranging from the loss of special use tax valuation to interest and penalties, all due to respondent's neglect in failing to file the requisite tax returns. These losses cumulatively totaled approximately $125,000, with the largest single loss being $75,000. In several of the estates, respondent or his firm had received attorney fees totaling $11,000.

Respondent made oral and written misrepresentations to his clients in several of the estates and to the probate court that he had filed the requisite tax returns as well as other pleadings when in fact he had not.

Upon the above complaints becoming known to the respondent in early 1986, he immediately contacted his professional liability insurance carrier, which has now satisfactorily resolved all known monetary losses and has taken whatever other steps were necessary in moving the estates to closing. Although the respondent did not himself perform any additional legal work in closing the estates, he was instrumental in assisting his insur-

ance carrier, with whom he fully cooperated, as well as cooperating fully with the disciplinary administrator's office.

After moving his law practice to Colby in 1978, respondent began representing a number of school districts. Respondent found that he enjoyed school district representation much more than his probate practice, to which he found he had less and less time to devote. Between 1982 and 1985, respondent's school district representation continued to increase and, although he was aware of deadlines expiring in his probate matters, he felt that he could ultimately correct those problems when he had time. Respondent testified that his growing lack of desire for private practice and his desire to expand his school district representation all combined to make him less responsive to the attention his private practice needed. He also testified that he chose to blank out of his mind the time limit expirations in his probate matters. Respondent offered no excuses or justification for his actions, stating that, for the last five years of his private practice, he had felt trapped and could not figure his way out in resolving his problems.

Since June 1986, the respondent has been employed full time by the Kansas Association of School Boards in the capacity of Director of Labor Relations. His duties in that capacity are in representing member school boards in their problems relating to employer-employee relations, dismissal hearings, student suspensions, and due process hearings with school personnel, and in rendering legal opinions to member school boards in the areas of law applicable to them. He has no outside practice, which is specifically prohibited by the Association. However, the Association does require that the respondent's position as Director of Labor Relations be filled by a lawyer who is licensed to practice law.

Respondent and the disciplinary administrator's office entered into a nonbinding stipulation in which respondent admitted to the violations of disciplinary rules and, in return, the disciplinary administrator agreed not to object to public censure with certain designated conditions.

The hearing panel of the Kansas Board for Discipline of Attorneys found: "It is the unanimous finding of the panel that Respondent has violated the following Disciplinary Rules: DR 1-102(A)(4), (5), and (6) [1988 Kan. Ct. R. Annot. 143]; DR

6-101(A)(1) and (3) [1988 Kan. Ct. R. Annot. 164]; and DR 7-101(A)(2) [1988 Kan. Ct. R. Annot. 168]."

Respondent urged the panel to accept the stipulation and that he be publicly censured. He did so not for the purpose of continuing to practice law, but to hold his present position as Director of Labor Relations for the Kansas Association of School Boards. Respondent presented evidence indicating he has done an exceptional job for the Association in his present position. The panel further noted that the respondent cooperated fully in this matter for the benefit of his clients and in the investigation.

The panel, however, did not accept the stipulation of the respondent and disciplinary administrator as to the discipline to be imposed. The panel unanimously recommended "that the respondent be suspended from the practice of law in all respects for one year except to the extent necessary in his present capacity as Director of Labor Relations for the Kansas Association of School Boards and by the conditions of his reinstatement hereinafter provided." The panel further recommended that, after one year, the respondent should be allowed to petition this court for reinstatement upon a satisfactory showing that he has complied with the specific conditions enumerated by the panel.

After a careful review of the record, this court is of the opinion that the conduct of the respondent and the nature and number of violations require that he be suspended from the practice of law for a period of one year.

IT IS THEREFORE ORDERED AND ADJUDGED that Norman D. Wilks be and he is hereby suspended from the practice of law in the State of Kansas for a period of one year from the effective date of this order.

IT IS FURTHER ORDERED that respondent forthwith comply with the provisions of Supreme Court Rule 218 (1988 Kan. Ct. R. Annot. 134), that he pay the costs of this proceeding, and that this order be published in the official Kansas Reports.

SIX, J., not participating.